UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WILLIAM DIGIANNI,

                          Plaintiff,

                                                   **MEMORANDUM AND ORDER**
                   -against-                                        10 CV 206 (RJD) (LB)

PEARSON EDUCATION,

                          Defendant.
-------------------------------------------------------------------X
DEARIE, Chief Judge.

By an order dated November 3, 2009, the United States District Court for the Southern District of New York granted plaintiff's request to proceed *in forma pauperis* ("IFP") in this case pursuant to 28 U.S.C. § 1915. The action was then appropriately transferred to the Eastern District of New York. Plaintiff's request for IFP status to proceed in the Eastern District is denied. If plaintiff intends to proceed with this action, he shall pay the statutory filing fee within ten (10) days of the date of this order.

## BACKGROUND

Plaintiff, William DiGianni, brings this action *pro se* alleging that defendant retaliated against him for filing prior employment discrimination actions. Plaintiff is an incessant filer who has brought many employment discrimination cases. See DiGianni v. National Evaluation Systems Inc., 05 CV 4983 (ERK) (dismissed by order dated July 16, 2007); DiGianni v. Spitzer et al., 05 CV 5408 (ERK) (dismissed by order dated July 31, 2006); DiGianni v. Bloomberg et al., 06 CV 392 (ERK) (dismissed by order dated December 12, 2007); DiGianni v. New York State Department of Education et al., 08 CV 762 (RJD) (dismissed by order dated October 8,

2009); DiGianni v. New York City Department of Education et al., 08 CV 923 (RJD) (consolidated into lead case 08 CV 762); DiGianni v. American International Group, 08 CV 4355 (RJD) (dismissed by order dated March 31, 2010); DiGianni v. Pearson et al., 09 CV 1760 (RJD) (pending employment discrimination action); DiGianni v. Orrick, Herrington & Sutcliffe et al., 09 CV 3653 (RJD) (dismissed as frivolous, by order dated September 30, 2009); DiGianni v. New York State Department of Education, 09 CV 4941 (RJD) (dismissed on February 5, 2010 for failure to pay filing fee); DiGianni v. Pearson, 09 CV 5275 (RJD) (pending employment discrimination action); DiGianni v. American International Group, 10 CV 1359 (RJD) (IFP status denied by order dated April 30, 2010); DiGianni v. New York City Department of Education et al., 10 CV 1538 (RJD) (IFP status denied by order dated April 30, 2010).

## DISCUSSION

### I. IFP Status

The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. Lampman v. Friedman & Levine, Inc., No. 07 CV 3423, 2007 WL 2471725, at *1 (E.D.N.Y. Aug. 30, 2007); Gregory v. NYC Health & Hospitals Corp., No. 07 CV 1531, 2007 WL 1199010 at *1 (E.D.N.Y. Apr. 17, 2007). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the allegation of poverty is untrue or unsubstantiated. 28 U.S.C. § 1915(e)(2)(A). The "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" Hobbs v. County of Westchester, et al., No. 00 Civ. 8170, 2002

WL 868269, at *2 (S.D.N.Y. May 3, 2002) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. Maccaro v. New York City Health & Hosp. Corp., No. 07 CV 1413, 2007 WL 1101112 at *1 (E.D.N.Y. Apr. 11, 2007); Choi v. Chemical Bank, 939 F. Supp. 304, 308-09 (S.D.N.Y. 1996).

Plaintiff's financial declaration does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff's financial declaration alleges that he is presently employed by Harvard Security with a monthly salary of $1,920.00. Decl. ¶ 1. In addition, plaintiff alleges that he has $300.00 in a checking account. Id. ¶ 4. For expenses, plaintiff alleges that he pays rent in the amount of $950.00 per month and has credit card and student loan debt. Id. ¶¶ 7-8. Plaintiff's declaration establishes that he is gainfully employed and has sufficient resources to pay the $350 filing fee to commence this action.[1] Accordingly, his request to proceed IFP is therefore denied.

## II. Frivolous Lawsuits

The Court has repeatedly warned plaintiff about filing frivolous lawsuits and abusing the judicial system. See DiGianni v. Orrick et al., 09 CV 3653 (RJD) (order dismissing complaint as frivolous dated Sept. 30, 2009); DiGianni v. New York State Department of Education, 09 CV

---

[1] Plaintiff has paid the filing fee in eight of his previous actions. See DiGianni v. Spitzer et al., 05 CV 5408 (ERK); DiGianni v. Bloomberg et al., 06 CV 392 (ERK); DiGianni v. New York State Department of Education et al., 08 CV 762 (RJD); DiGianni v. New York City Department of Education et al., 08 CV 923 (RJD); DiGianni v. American International Group, 08 CV 4355 (RJD); DiGianni v. Pearson et al., 09 CV 1760 (RJD); DiGianni v. Orrick, Herrington & Sutcliffe et al., 09 CV 3653 (RJD); DiGianni v. Pearson, 09 CV 5275 (RJD).

4941 (RJD) (order denying IFP status dated December 17, 2009); <u>DiGianni v. Pearson</u>, 09 CV 5275 (RJD) (order denying IFP status dated December 17, 2009); <u>DiGianni v. New York State Department of Education et al.</u>, 08 CV 762 (RJD) (order denying leave to file amended complaint dated February 4, 2010); <u>DiGianni v. American International Group</u>, 08 CV 4355 (RJD) (order granting summary judgment to defendant dated March 31, 2010). If plaintiff pays the filing fee in this case and the Court finds that the case is vexatious, harassing or duplicative of any of the pending or dismissed cases, the Court will initiate proceedings to enjoin plaintiff from filing additional cases. See <u>Lau v. Meddaugh</u>, 229 F.3d 121, 123 (2d Cir. 2000). In fairness to Mr. DiGianni, this Court will delay any action on this case for ten days to provide him an opportunity to reconsider the wisdom of proceeding.

## CONCLUSION

Plaintiff is hereby directed that he must pay the $350 filing fee within ten (10) days of the date of this Order if he wishes to proceed. No summons shall issue at this time and all further proceedings shall be stayed for ten (10) days or until plaintiff has complied with this Order. If plaintiff fails to pay the filing fee within the time allowed, the Court will dismiss the instant complaint without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore IFP status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge

Dated: April 30, 2010
Brooklyn, New York